IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


HEATHER U.[1],                                      Case No. 6:25-cv-00679-AP

                    Plaintiff,              **OPINION AND ORDER**
        v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                    Defendant.
_____

POTTER, United States Magistrate Judge:

Plaintiff Heather U. brings this action for judicial review of the Commissioner of the

Social Security Administration (Commissioner) denying her application for Disability Insurance

Benefits. In light of the Ninth Circuit's decision in *Powley v. Bisignano*, No. 24-4063, 2026 WL

760230 (9th Cir. Mar. 18, 2026), this case must be remanded for further proceedings.

### PROCEDURAL BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on November 7,

2019, alleging disability beginning July 4, 2017. Tr. 319, 321. Her claim was denied initially and

upon reconsideration. Tr. 82, 99. Plaintiff then requested a hearing before an Administrative Law

Judge (ALJ), which was held on April 26, 2021. Tr. 51-67. The ALJ denied Plaintiff's claim and

Plaintiff appealed. Tr. 100-21. On August 24, 2022, the Appeals Council remanded Plaintiff's

_____

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the
non-governmental party.

PAGE 1 – OPINION AND ORDER

claim to the ALJ for further proceedings. Tr. 122-28. The ALJ held a second hearing on Plaintiff's claim on April 1, 2024. Tr. 40-50. Thereafter, on May 31, 2024, the ALJ again denied Plaintiff's claim. Tr. 12-35. Plaintiff appealed and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

## DISCUSSION

Plaintiff in her appeal challenges only the ALJ's step five finding. Pl.'s Op. Br. 4, ECF No. 1; *see* 20 C.F.R. § 404.1560(c)(2) ("An ALJ bears the burden of "providing evidence that demonstrates that other work exists in significant numbers in the national economy that [a claimant] can do.). Specifically, Plaintiff argues that the ALJ erred by improperly accepting the vocational expert's (VE) job numbers testimony at step five. Pl.'s Op. Br. 4. Plaintiff argues that the ALJ failed to address and resolve discrepancies between the VE's job numbers and job numbers submitted by Plaintiff's representative. Pl.'s Op. Br. 5.

The Ninth Circuit recently addressed this same issue in *Powley v. Bisignano*, No. 24-4063, 2026 WL 760230 (9th Cir. Mar. 18, 2026). In *Powley*, the Court concluded that, when a plaintiff presents "significant and probative evidence to counter" a VE's evidence, an ALJ must address and resolve discrepancies and inconsistencies between the two sets of evidence. *Id*. at *8. Evidence is probative when it is produced "using data sources and methodologies frequently relied on by the SSA" and when "no other factors [] call the accuracy of [that] evidence into question." *Id*. at *6. Evidence is significant when the differences between the respective job number estimates are significant. *Id*. at *8.

Here, Plaintiff provided evidence that is both significant and probative. At the hearing, the VE testified he used "federal and state economists as well as the Department of Labor and Bureau of Labor and Statistics" in generating his job numbers. Tr. 49. In response to the VE's

PAGE 2 – OPINION AND ORDER

job numbers, Plaintiff's representative provided reports from Job Browser Pro[2], which relies on the same sources of data relied on by the VE. *See, e.g.*, Tr. 537, 539, 541. Plaintiff's representative further explained his methodology for generating the reports and attested as to the accuracy of the resulting data generated. Tr. 533-46. Based on these facts, Plaintiff's job numbers are probative because they were generated using a methodology frequently relied on by the SSA and no other factors call into question the accuracy of Plaintiff's numbers.

Plaintiff's job numbers are also significant. The chart below shows the discrepancies between the VE's numbers and Plaintiff's numbers:

| Position | VE's Job Numbers | Plaintiff's Job Numbers |
|---|---|---|
| Final assembler, optical goods (DOT 713.687-018) | 68,000 | 26 |
| Lens inserter (DOT 713.687-026) | 59,840 | 68 |
| Touch-up screener (DOT 726.684-110) | 35,200 | 1,069 |

*See* Tr. 47-48, 534.

The discrepancies between Plaintiff's numbers and the VE's numbers are significant. Plaintiff's numbers, 1,163 in total, are not sufficient to qualify for what is considered a significant number of jobs in the national economy. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (holding that 25,000 jobs in the national economy is significant, but a close call); *see also Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) (1,680 jobs in the

---

[2] Job Browser Pro is recognized as a reliable source used by VEs and the SSA in estimating the number of relevant jobs in the national economy. *White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022).

PAGE 3 – OPINION AND ORDER

national economy is not significant). And the ALJ did not address or resolve the inconsistencies between the two sets of job numbers. Tr. 27-28. Because the ALJ failed to resolve the inconsistencies between the two sets of numbers, this case is remanded for further proceedings. On remand, the ALJ must address and resolve in inconsistencies between the VE's job numbers and the Plaintiff's job numbers.

## CONCLUSION

Plaintiff's case is REVERSED and REMANDED for further proceedings consistent with this order.

DATED this  25th  day of March, 2026.

 /s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 4 – OPINION AND ORDER